AO 241
(Rev. 12/04)

FILED
IN CLERKS OFFICE

2009 JAN 22  P 1: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

## Petition for Relief From a Conviction or Sentence
### By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of

   money that the institution is holding for you. If your account exceeds $_____, you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   Clerk, United States District Court for
   Address
   City, State Zip Code

9. **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

AO 241 (Rev 12/04)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Massachusetts | |
|---|---|---|
| Name (under which you were convicted): Jose Arnaut | | Docket or Case No.: HDCR2002-00892 |
| Place of Confinement: MCI-Norfolk | | Prisoner No.: W83083 |
| Petitioner (include the name under which you were convicted) Jose Arnaut | v. | Respondent (authorized person having custody of petitioner) Gary Roden, Superintendent |
| The Attorney General of the State of Massachusetts - Martha Coakley | | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Hampden Superior Court
   50 State Street
   Springfield, MA 01102

   (b) Criminal docket or case number (if you know): HDCR2002-00892

2. (a) Date of the judgment of conviction (if you know): January 29, 2004

   (b) Date of sentencing: January 29, 2004

3. Length of sentence: 17 years

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Trafficking in Cocaine, C. 94C§32E(b); Possession to Distribute Cocaine, c. 94C §32A(c); Drug Violation near School Park c. 94C §32J; Possession to Distribute Cocaine c. 94C §32A(c); Drug Violation Near School Park c. 94C §32J.

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty     ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty         ☐ (4) Insanity plea

AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   **Not Guilty to all.**

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes   ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court:  **Massachusetts Appeals Court**

(b) Docket or case number (if you know):  **2005-P-0804**

(c) Result:  **Conviction Affirmed**

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:  **Once illegally obtained evidence is redcated [sp] from the search warrant affidavit used to obtain the search warrant in the instant case there is no probable cause to issue the search warrant.**

**The police illegally opened the door of the target apartment. Accordingly, any observations made by the police after they opened the door, namely that the smell of high purity cocaine emanated from the room, must be excised from the search warrant affidavit.**

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court:  **Supreme Judicial Court**

(2) Docket or case number (if you know):  **FAR-15451**

(3) Result:  **Further Appellate Review Denied**

(4) Date of result (if you know):  **9/28/06**

AO 241 (Rev. 12/04)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:  Appears to be a rehash of the appellate argument.

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:  Hampden Superior Court

(2) Docket or case number (if you know):  HDCR2002-00892, 1-5

(3) Date of filing (if you know):  April 16, 2007

(4) Nature of the proceeding:  M.R.Crim.P. 30(a)(b)(c)

(5) Grounds raised:  Whether the Traffic Stop On The Corner of Chestnut St. was based on probable cause.

    A) The Traffic Stop
    B) The Front Door
    C) The Padlock

Whether there was ineffective assistance of counsel, pre-trial, trial, and on direct appeal.

    A. The Motion To Suppress
    B. The Trial
    C. The Appeal

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev 12/04)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241 (Rev. 12/04)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☒ Yes  ☐ No
(2) Second petition: ☐ Yes  ☐ No
(3) Third petition: ☐ Yes  ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** WHETHER THE MOTION COURT ABUSED ITS DISCRETION BY ITS FAILURE TO RULE ON THE MERITS OF THE CASE AS ORDERED BY THE SUPREME JUDICIAL COURT?

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The defendant filed a Motion To Vacate Illegal Sentence, Motion For New Trial, based on issues which comprise the denial of effective assistance of counsel, both at trial and on appeal, because the Appeals Court did not have jurisdiction to review the denial of the Motion To Suppress and the defendant was never afforded a direct appeal of his case. The State's highest Court ruled in 2006 that the Trial Court was mandated to address all the issues raised in the defendant's Rule 30, as of right.

(b) If you did not exhaust your state remedies on Ground One, explain why:

%AO 241     Page 7
(Rev. 12/04)

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: **Rule 30**

    Name and location of the court where the motion or petition was filed:

        **Hampden Superior Court**

    Docket or case number (if you know):    **HDCR2002-00892, 1-5**

    Date of the court's decision:    **5/7/07**

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

    (4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

        **Massachusetts Appeals Court**

    Docket or case number (if you know):    **2007-P-1120**

    Date of the court's decision:    **10/21/08**

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241                                                                                                                                                              Page 8
(Rev 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

GROUND TWO: WHETHER THE TRAFFIC STOP ON THE CORNER OF CHESTNUT STREET WAS BASED ON PROBABLE CAUSE OR GENERATED FRUIT OF THE POISONOUS TREE?

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

ON September 20, 2002, Lieutenant Cook claimed he observed the defendant enter 403 Carew Street and climb the stairs to the third floor. Lt. Cook then claimed he saw the defendant exit 403 Carew Street and drive his Chevrolet Station Wagon to the corder of Prospect and Chestnut Streets where the Lieutenant and two detectives pulled the defendant over, took him out of his car, and pat-frisked him, finding 12.7 grams of Cocaine in a plastic baggie from his left pants pocket. Officers also seized a key ring from the automobile.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☒ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:
       Ineffective assistance of appellate counsel.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

       ☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Rule 30

Name and location of the court where the motion or petition was filed:
           Hampden Superior Court

Docket or case number (if you know):   HDCR2002-00892, 1-5

Date of the court's decision:

AO 241 (Rev. 12/04)

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes  ☒ No
(4) Did you appeal from the denial of your motion or petition?   ☒ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   **Mass. Appeals Court**

Docket or case number (if you know):   **2007-P-1120**

Date of the court's decision:   **10/21/08**

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:   WHETHER THERE WAS THE DENIAL OF THE EFFECTIVE ASSISTANCE OF COUNSEL PRE-TRIAL, DURING TRIAL, AND ON DIRECT APPEAL?**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**At the suppression hearing on April 3, 2003, the attorney did not contest the probable cause to arrest his client.**

AO 241 (Rev 12/04)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective appellate counsel

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 30

Name and location of the court where the motion or petition was filed:

Mass. Appeals Court

Docket or case number (if you know): 2007-P-1120

Date of the court's decision: 10/21/08

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Mass. Appeals Court

Docket or case number (if you know): 2007-P-1120

Date of the court's decision: 10/21/08

Result (attach a copy of the court's opinion or order, if available):

Ground Three Cont'                                                    9A

Defendant's attorney <u>stipulated</u> as factual, statements made to police by a confidential source concerning 403 Carew Street, <u>after</u> the defendant requested an attorney.

The Suppression Court, Wernick, J., held the attorney did not challenge the legality of the stop, the defendant's arrest, or the seizure of his keys. Nor did the attorney challenge the insertion of the key with the opening of the apartment door.

On direct appeal, the appellate attorney argued the denial of the motion to suppress <u>only</u>, pursuant to a state statute which requires permission from the Supreme Judicial Court, which the attorney did not get.

☙AO 241 (Rev 12/04)                                                                                                                    Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR: WHETHER THE MOTION COURT SHOULD AHVE CONDUCTED AN EVIDENTIARY HEARING AS THE DEFENDANT MADE A COLORABLE SHOWING OF THE DENIAL OF CONSTITUTIONAL RIGHTS?**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

It is standard procedure to hold an evidentiary hearing to develop the facts of the constitutional claims on the Superior Court level. The Judge in the Superior Court simply denied the Rule 30 without conducting a hearing.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

                                            Ineffective appellate counsel

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state.

Type of motion or petition:     RuLe 30

AO 241 (Rev 12/04)

Page 12

Name and location of the court where the motion or petition was filed:

**Hampden Superior Court**

Docket or case number (if you know): HDCR2002-00892, 1-5

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): Denied w/out hearing

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**Mass. Appeals Court**

Docket or case number (if you know):

Date of the court's decision: 2007-P-1120
10/21/08

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev 12/04)

Page 13

13. Please answer these additional questions about the petition you are filing:

  (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes  ☐ No
  If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

  (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☒ No
  If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order. if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No
  If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing:    James A. Hammerschmith CPCS
                                   1145 Main Street, Springfield, 01103

   (b) At arraignment and plea:   Same

   (c) At trial:   Daniel R. Bergin
                   73 Chestnut Street Springfield, MA 01103

   (d) At sentencing:   Same

   (e) On appeal:   Matthew S. Robinowitz
                    35 Harvard Street, Worcester, MA 01609

   (f) In any post-conviction proceeding:   Pro Se

   (g) On appeal from any ruling against you in a post-conviction proceeding:

   Pro Se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☒ Yes    ☐ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   **3-4 F&A the 15 year mandatory**

   (b) Give the date the other sentence was imposed:   **1/29/04**

   (c) Give the length of the other sentence:   **3-4**

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

⬛AO 241 (Rev 12/04)

Page 15

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

 (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  __1/15/09__  (month, date, year).

Executed (signed) on  __1/07/09__  (date).

X __Jose Armaut__
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____
[insert appropriate court]

* * * * *